UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SOPHIA M BIERMAN,

                Plaintiff,

      v.                                          Case No. 23-cv-0724-bhl

JON P LEVENHAGEN,

                Defendant.

## SCREENING ORDER

        On June 6, 2023, *pro se* Plaintiff Sophia M. Bierman filed this action against Defendant Jon P. Levenhagen, alleging that Levenhagen is in receipt of a portion of her Social Security Disability payments to which he is not entitled. (ECF No. 1 at 3.) Bierman has also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) The Court has authority to allow a litigant to proceed without prepaying the filing fee if it determines that the litigant is unable to pay the costs of commencing the action and the action is not frivolous, states a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2).

        Bierman asserts monthly expenses that significantly outstrip her monthly income. (ECF No. 2 at 2-3.) That satisfies the indigency element of Section 1915's two-pronged inquiry. But Bierman must also demonstrate that her complaint states a viable claim. This she cannot do. As this Court thoroughly explained less than a month ago in *Bierman v. Levenhagen*, No. 23-cv-598-pp, 2023 WL 3568508, at *2-3 (E.D. Wis. May 18, 2023), the *Rooker-Feldman* doctrine prevents Bierman from raising federal challenges to state-court judgments issued in her state-court divorce and child custody proceedings. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). Bierman's entire case is premised on the notion that the Wisconsin state courts improperly denied her reimbursement of child support payments garnished from her Social Security Disability award. (ECF No. 1-1 at 1-8.) She litigated precisely this issue at every level of the state-court judicial system and lost every time. *See Bierman*, 2023 WL 3568508, at *2-3. Because her "allegations cannot be separated from the state court's

judgment, *Rooker-Feldman* acts a jurisdictional bar." *Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 362 (7th Cir. 2010). And, as with the plaintiff in *Golden*, "even if some aspect of [Bierman's case] escape[d] *Rooker-Feldman*," it would fail on the merits because a federal court is "obliged to give full faith and credit to [a] state-court judgment, . . . and [there is] no reason why [Bierman] should be entitled to reopen matters that the state court actually resolved or could have resolved." *Id.* (citing 28 U.S.C. § 1738). Accordingly, Bierman has not pleaded a viable claim, and under Section 1915, her complaint must be dismissed.

A court should ordinarily permit a *pro se* plaintiff at least one opportunity to amend her complaint and perfect her claims. *See Luevano v. Wal-Mart*, 722 F.3d 1014, 1022-23 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). But this is not necessary where leave to amend would prove futile. *See Zimmerman v. Bornick*, 25 F. 4th 491, 494 (7th Cir. 2022). This case is, in essence, already Bierman's attempt to amend the defective complaint she previously filed. Yet it contains the same deficiencies that this Court concluded she could not remedy. *Bierman*, 2023 WL 3568505, at *3. Given that, it would be futile to grant further leave to amend.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Bierman's Motion for Leave to Proceed Without Prepayment of the Filing Fee, (ECF No. 2), is **DENIED**, and her case is **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on June 8, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge